**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4381 PA (JPRx) | Date | July 7, 2020 |
|---|---|---|---|
| Title | Gwendolyn Limon-Gonzalez et al v. Kia Motors America, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by Plaintiffs Gwendolyn Limon-Gonzalez and Pedro Limon-Gonzalez ("Plaintiffs"). (Dkt. 11 ("Mot.").) Defendant Kia Motors America, Inc. ("Defendant") has filed an Opposition, and Plaintiffs have filed a Reply (Dkts. 16 ("Opp.") and 22 ("Reply").) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.

## I. Background

Plaintiffs purchased a 2012 KIA Optima whose engine caught fire and destroyed the subject vehicle. Plaintiffs filed this action on April 6, 2020 in the Superior Court of California, County of Los Angeles, case number 20STCV13427. In their initial Complaint, Plaintiffs alleged claims for violation of California's Song-Beverly Consumer Warranty Act, violation of the Magnuson-Moss Warranty Act, fraudulent omission, and violation of the Consumer Legal Remedies Act. Defendant filed a Notice of Removal on May 14, 2020. Defendant alleges this Court has federal question jurisdiction over this case pursuant to 28 U.S.C. §1331 because Plaintiff raises a federal claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301. (Dkt. 1 ("Removal") ¶10.) Plaintiff has now filed a Motion to Remand on the basis that Defendant failed to carry its burden in establishing that the Magnuson-Moss amount in controversy requirement has been met.

## II. Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4381 PA (JPRx) | Date | July 7, 2020 |
|---|---|---|---|
| Title | Gwendolyn Limon-Gonzalez et al v. Kia Motors America, Inc. | | |

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**III. Analysis**

The Magnuson-Moss Warranty Act allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to bring a "suit for damages and other legal and equitable relief" in "any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1). Magnuson-Moss also establishes that no such claim may be brought in the United States District Courts "if the amount in controversy of any individual claim is less than the sum or value of $25" or "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs)." 15 U.S.C. § 2310(d)(3)(A) & (B). Put another way, federal courts only have jurisdiction over Magnuson-Moss claims if the amount in controversy exceeds $50,000.

"There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332." Romo v. FFG Ins. Co., 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005). When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90 (1938)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Defendant contends that the Magnuson-Moss amount in controversy is met because Plaintiffs claimed they "suffered damages in an amount that is not less than $25,001.00" and Plaintiffs also seek a civil penalty of two times Plaintiffs' actual damages, so "[t]he potential minimum civil penalty sought is therefore $50,002.00 (2 times the Plaintiffs' actual damages)." (Removal ¶14 (citing Complaint ¶13).) Defendant also believes the amount in controversy is met because Plaintiffs seek attorneys' fees and costs and prejudgment interest. (Id.) "At a minimum, Plaintiffs are seeking in excess of $75,003.00 (alleged damages and the potential civil penalty of two times Plaintiffs' actual damages) in potential monetary damages." (Id. at ¶15.)

Plaintiffs counter that they used the word "damages" in their Complaint to reference Plaintiffs' total damages. (Mot. at 6-7.) This includes actual damages, civil penalties, attorney's fees, and punitive damages. (Id.) "In other words, Plaintiffs are not alleging that their actual damages are at least

$25,001.00. Plaintiffs are alleging that their total damages (including both actual damages, civil penalties, attorney's fees, and punitive damages) are at least $25,001.00." (Id.)

Numerous district courts in this Circuit have concluded that Plaintiffs' Complaint language—i.e., that Plaintiffs suffered "damages in an amount that is not less than $25,001.00"—is too speculative to conclude that the amount in controversy is satified. See, e.g., Schneider v. Ford Motor Co., 2020 WL 991531, at *3 (N.D. Cal. Mar. 2, 2020) (granting motion to remand and reasoning that "the Court could just as easily infer that the $25,001 refers to Plaintiff's total damages. This lack of clarity forecloses Defendants' argument that the $25,001 'more likely than not' satisfies the federal-jurisdictional amount."); Steeg v. Ford Motor Co., 2020 U.S. Dist. LEXIS 79006, *6-7 (N.D. Cal. May 5, 2020) (granting motion to remand and stating, "Plaintiffs specify a monetary amount only once, when they allege that 'Plaintiffs suffered damages . . . in an amount not less than $25,000.01.' . . . The Court finds that this allegation is ambiguous and thus insufficient to meet Defendants' burden to establish removal."); Edwards v. Ford Motor Company, 2016 WL 6583585, at *4 (C.D. Cal., Nov. 4, 2016) (granting motion to remand where Plaintiff's complaint simply states that "'Plaintiff suffered damages in a sum to be proven at trial' of at least $25,000. Defendant's assertion that these damages refer only to actual damages is only an assumption.") (citation omitted); Feichtmann v. FCA US LLC, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020) ("In the absence of any contradictory allegations in the Complaint, the Court accepts Plaintiff's explanation that the $25,001.00 figure represents the combined total of actual damages and civil penalties."). Defendant has failed to distinguish these prior decisions from this case.

In addition, Defendant presents evidence that the manufacturer's suggested retail price (MSRP) of the subject vehicle is $22,090.00. (Opp. at 13.) Defendant assumes that that "total amount in controversy, without attorney's fees, is at least $66,270 and likely higher since this estimate does not include taxes and other recoverable items such as interest." (Id.) However, Defendant has not provided any evidence of the total miles Plaintiffs drove on the car, the actual agreed-upon sale amount, or whether Plaintiff paid in full or agreed to financing (and if so, how many payments were made). "Without these facts, the Court is left with considerable doubt as to the amount in controversy." Chajon v. Ford Motor Company, 2019 U.S. Dist. LEXIS 4254, at *3 (C.D. Cal., Jan. 8, 2019) (remanding action to state court); see also Day v. FCA US LLC, 2020 WL 3047986, at *2 (C.D. Cal. June 8, 2020) ("FCA has failed to take into account any reduction for the use of the vehicle, and thus has failed to show that the amount in controversy exceeds the jurisdictional threshold.") (citations omitted); Steeg, 2020 U.S. Dist. LEXIS 79006, *9 ("Defendants ask the Court to speculate as to the actual purchase price of the Vehicle with no other information. Courts in nearly identical cases against Ford have found that merely providing the retail price of the vehicle at issue without providing information on the actual sales price leaves 'considerable doubt as to the amount in controversy.'") (collecting cases) (citation omitted) (emphasis in original); Sanchez v. Ford Motor Co., 2018 U.S. Dist. LEXIS 206415, at *2 (C.D. Cal. Dec. 4, 2018); Mullin v. FCA US LLC, 2020 WL 2509081, *3 (C.D. Cal. May 14, 2020). Without more, the MSRP evidence is therefore insufficient to establish that the amount in controversy is met.

Defendant also argues that Plaintiffs' counsel will seek attorney's fees "well in excess of

$50,000 if this case goes to trial." (Opp. at 16-17.) Defendant cites several examples of the attorney's fees that plaintiffs sought in other Lemon Law cases. However, Defendant makes no attempt to analogize the facts or circumstances of those cases to this action. This is insufficient to support Defendant's allegations as to the amount in controversy. See, e.g., Serran v. Pac. Coast Feather Cushion Co., 2017 WL 3720630, at *3 (C.D. Cal. Aug. 28, 2017) ("Defendants attempt to satisfy their burden by citing cases that supposedly had 'allegations similar to this one' . . . [but] Defendants do not compare the allegations and circumstances of those cases with those of the instant matter. Thus, Defendants' citation to these cases does not satisfy their burden of showing the amount in controversy through evidence and argument.") (citation omitted); Schneider, 2020 WL 991531, at *4 (N.D. Cal. Mar. 2, 2020) ("Defendants point to the $300,000 fee recently claimed by Plaintiff's counsel in another Ford Motor case. Yet, Defendants fail to explain how that case accords with this case. All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases."). Because Defendant fails to provide the Court with specific evidence showing that the attorneys' fees in this case are "more likely than not" to exceed $50,000, the amount in controversy requirement has not been met.

Finally, Defendant argues that Plaintiff's request for civil penalties is sufficient to satisfy the amount in controversy. According to Defendant, "Plaintiffs expressly claim to be entitled to a civil penalty of two times their actual damages, [so] the claimed actual damages plus the civil penalty is sufficient to establish that the amount in controversy exceeds $50,000." (Opp. at 15.) Defendant assumes that Plaintiffs will be entitled to the maximum amount of civil penalties because "[t]he amount in controversy of an action includes all possible recovery, not necessarily likely recovery." (Id. at 13.) However, "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is 'more likely than not' that the amount in controversy requirement is satisified." Makol v. Jaguar Land Rover North America, LLC, 2018 WL 3194424, at *3 (N.D. Cal., June 28, 2018) (remanding action to state court) (quotations and citation omitted); see also Castillo v. FCA US LLC, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) ("The civil penalty under California Civil Code § 1794(c) cannot simply be assumed.") (citation omitted). "[T]he defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." Zawaideh v. BMW of North America, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) (collecting cases). Defendant has made no such showing here. "[B]ecause the amount of actual damages [is] uncertain, the Court is unable to determine what civil penalties might be imposed. Put differently, Defendant[] ha[s] failed to satisfy the burden of proof necessary to include civil penalties in the amount in controversy." Mullin, 2020 WL 2509081, at *3.

The Court is unpersuaded by the district court cases that Defendant relies on in its Opposition. Two of Defendant's cases are distinguishable because they involved wholly different, less ambiguous Complaint language regarding damages. See Bernstein v. BMW of North America, LLC, 2018 U.S. Dist. LEXIS 81993, at *4 (N.D. Cal. May 15, 2018) (complaint alleged that "[t]he amount in controversy

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4381 PA (JPRx) | Date | July 7, 2020 |
|---|---|---|---|
| Title | Gwendolyn Limon-Gonzalez et al v. Kia Motors America, Inc. | | |

exceeds twenty five thousand dollars ($25,000.00), exclusive of interest and costs, . . . In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.") (emphasis added); McDonald v. BMW of N. Am., LLC, 2017 WL 5843385, at n.1 (S.D. Cal. Nov. 28, 2017) ("The complaint stated that Plaintiff's damages exceed $25,000. Notably, the complaint also attached a complaint from a prior class action that Plaintiff contends tolled the statute of limitations for his claim. That complaint alleged that the amount in controversy for each of the Plaintiffs' individual claims exceeded $50,000.") (emphasis added) (citation omitted). Another case cited by Defendant is distinguishable because the court received evidence of the Retail Installment Sale Contract, which has not been presented here. See Headley v. FCA US LLC, 2020 WL 1900449, at *2 (C.D. Cal. Apr. 17, 2020) (noting that the Retail Installment Sale Contract states the total sale price of the vehicle at issue was $31,946.48, and "[i]f this amount is multiplied by three, damages exceed $75,000 without including attorneys fees."). And Defendant relies on a fourth decision that presents minimal reasoning for why the court denied the motion to remand. See Chism v. FCA US LLC, 2020 WL 777300 (C.D. Cal. Feb. 18, 2020).

Ultimately, Defendant has failed to explain why the Court should depart from the plethora of analogous decisions cited in Plaintiff's briefing. Defendant's assumptions about Plaintiff's Complaint language, MSRP evidence, and arguments regarding attorney's fees and civil penalties have fallen short in demonstrating that the amount in controversy is met. For these reasons, Defendant has failed to carry its burden in establishing that the Magnuson-Moss amount in controversy has been met. See Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). Therefore, Defendant has failed to establish that this Court has federal question subject matter jurisdiction over this action.

**Conclusion**

Plaintiffs' Motion to Remand is granted. This action is hereby remanded to the Superior Court of California, County of Los Angeles, case number 20STCV13427, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.